KATHRYN DOI, SBN 121979
JOHN E. FISCHER, SBN 065792
JENNY MAE PHILLIPS, SBN 255458
MURPHY AUSTIN ADAMS SCHOENFELD LLP
304 "S" Street (95811-6906)
Post Office Box 1319
Sacramento, California  95812-1319
Telephone:   (916) 446-2300
Facsimile:   (916) 503-4000
Email:   kdoi@murphyaustin.com
Email:   jfischer@murphyaustin.com
Email:   jphillips@murphyaustin.com

Attorneys for Plaintiff
CALIFORNIA SHOCK TRAUMA AIR RESCUE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| CALIFORNIA SHOCK TRAUMA AIR RESCUE,<br><br>       Plaintiff,<br><br>v.<br><br>STATE COMPENSATION INSURANCE FUND, et al.,<br><br>       Defendants. | Case No.  2:09-cv-00090<br><br>**ORDER GRANTING STIPULATED PROTECTIVE ORDER** |
|---|---|

Pursuant to the stipulation signed by Plaintiff CALSTAR and the Stipulating Defendants,

1.   Any party shall be entitled to designate as "Confidential" or "Confidential – Attorneys' Eyes Only" any documents or information of a personal and/or proprietary nature, which a party in good faith believes contains or constitutes information that concerns or relates to confidential information concerning patients of plaintiff California Shock Trauma Air Rescue ("CALSTAR") or employees or insureds of defendants, including medical information and other protected health information within the meaning of the Health Insurance Portability and Accountability Act ("HIPAA"), confidential or trade secret information regarding the pricing of or payment for services, other trade secret information, proprietary information and/or other confidential research, development or commercial information of the parties, as those terms are

PDF created with pdfFactory trial version www.pdffactory.com

1 used in Federal Rules of Civil Procedure, Rule 26(c)(1).

2. Materials or information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" means any documents and information designated by any party or non-party as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the terms of this Protective Order.  "Confidential" or "Confidential – Attorneys' Eyes Only" does not include any information or documents:

    a. already in the possession of a receiving party and not subject to any obligation of confidentiality at the time of its communication or by any subsequent designation of confidentiality pursuant to Paragraph 4 of this Protective Order;

    b. acquired by a receiving party from a third party without being designated confidential or similar material unless the third party received the information or documents subject to any form of confidentiality protection; and

    c. in the public domain through no fault of the receiving party.

3. Any non-party producing documents or information in this Action may designate as "Confidential" or "Confidential – Attorneys' Eyes Only" any documents or information that it is producing or supplying which the non-party believes contains or amounts to confidential information the dissemination of which shall be limited pursuant to the terms of this Protective Order.  Such designation shall be made by stamping the document as "Confidential" or "Confidential – Attorneys' Eyes Only" prior to producing a copy of the same.

4. Any party or non-party may designate any documents or information as containing confidential information which it has previously produced or exchanged without such designation or that has been produced by another party or a non-party and was not designated as containing confidential information at the time produced.  Notice of such post-production designation shall be given in writing to all parties to whom such materials have previously been furnished within thirty (30) calendar days after the document or information has been produced.  From the time such post-production designation is made, it shall have the same effect as if each individual item designated on a post-production basis was, in fact, marked as set forth in paragraphs 1 and 2 above at the time of production.

632.005-761909.1

PDF created with pdfFactory trial version www.pdffactory.com

5.  No person shall attend portions of depositions in which information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" is disclosed or receive documents, testimony or information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" by any party or non-party or summaries of such documents, testimony or information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" unless such person is authorized to receive such information under the terms of this Protective Order, and has executed a written certification in the form attached hereto as Exhibit A.

6.  Any portion of any document, testimony or information designated as "Confidential" shall be maintained in strict confidence by the parties to this Action, shall be used solely in the preparation or trial of this Action and shall be disseminated or disclosed only to the following persons:

   a. Attorneys employed by or retained by a party in this Action and the attorneys' staff;

   b. Officers, directors, representatives and employees of a party (including in-house counsel) who are directly involved in this Action or who need access to the materials to assist counsel in the preparation or defense of this Action;

   c. Persons noticed for deposition in this Action and their counsel who have executed Exhibit A hereto;

   d. Stenographers, reporters and other persons involved in recording or transcribing testimony in this Action (including depositions and hearings);

   e. Employees of copying or other services engaged to reproduce, scan, or store confidential information in this Action and have executed Exhibit A hereto;

   f. Independent experts, consultants and advisors who need access to the material to assist a party in the Action, have been employed to perform investigative work, legal or fact research or other services relating to this Action and have executed Exhibit A hereto;

   g. Officers of the Court, including court reporters or others associated with the Court, where disclosure is necessary; and

   h. Any other person as to whom the parties agree in writing.

7.  An attorney who makes any documents or information designated as

- 3 -

PDF created with pdfFactory trial version www.pdffactory.com

"Confidential" available to persons in categories (b), (c), (e) or (f) above shall be responsible for having each such person execute an original of Exhibit A hereto prior to that person's receipt of such information. The recipient of any documents or information designated as "Confidential" shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his, her or its own confidential or proprietary information.

8. Any party or non-party may seek additional limitations on dissemination of confidential documents and information by designating the documents or information produced as "Confidential – Attorneys Eyes Only" in which event, they may be disseminated to only those persons listed in section 6 at subsections (a), (d), (e), (f), (g) and (h). An attorney who makes any such materials available shall be responsible for having each person to whom the information is disclosed execute an original of Exhibit A hereto prior to that person's receipt of such information. The recipient of any documents or information designated as "Confidential – Attorneys' Eyes Only" shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his, her or its own confidential or proprietary information.

9. The Parties, through their respective attorneys, agree to maintain a file of all certifications (Exhibit A) required by this agreement. The file containing the certifications (Exhibit A) and the specific certifications therein shall not be available for review by opposing counsel absent agreement of the parties or an order of the court determining that there is a good faith basis for the certifications, or any part of them, to be reviewed.

10. The deponent, his/her/its counsel, any other named party, or third party may designate deposition/hearing testimony and exhibits (or portions thereof) of any witness in this Action as "Confidential" or "Confidential – Attorneys' Eyes Only" at any time during the deposition by stating as such on the record and advising the reporter and all deponents, his/her/its counsel or any other named party or third party, present of such fact at the time. If any portion of

PDF created with pdfFactory trial version www.pdffactory.com

a videotaped deposition is designated pursuant to this paragraph, the videocassette or other videotape or CD-ROM container shall be labeled with the appropriate legend.

11. The deponent, his/her/its counsel, any other named party, or third party may also designate all or portions of the transcript "Confidential" or "Confidential – Attorneys' Eyes Only" that were not previously designated as such during the deposition within thirty (30) days of receipt of a transcript. The deponent, his/her/its counsel or any other named or third party shall list on a separate piece of paper the numbers of the pages of the deposition transcript containing "Confidential" or "Confidential – Attorneys' Eyes Only" information and serve the same on opposing counsel. Pending such designation, the entire deposition transcript, including exhibits, shall be deemed as originally proposed by the designating party pursuant to Paragraph 10 of this Protective Order. If no designation or change in designation is made within thirty (30) days after receipt of the transcript, the transcript or portions thereof shall be deemed as originally designated at the deposition and all portions not previously designated shall be deemed not to contain any confidential information.

12. If any person subject to this Protective Order who has custody of any documents or information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" (except the designating party) receives a subpoena or other process demanding production of such information, the recipient of the subpoena or process shall promptly give notice and a copy of the subpoena to the designating party. Upon receipt of notice, the designating party may, in its sole discretion and at its own cost, move to quash or limit the subpoena or process or otherwise oppose production of the confidential information. The party receiving the subpoena shall not produce any documents or information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" until the designating party has had a reasonable opportunity to challenge the subpoena or process.

13. In the event that any documents or information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" is included with, or the contents thereof are in any way disclosed in, any pleading, brief, declaration, deposition transcript, or other paper filed with the Clerk of this Court, the document, tangible thing, transcript, summary or portions of such papers

MURPHY AUSTIN ADAMS SCHOENFELD LLP
ATTORNEYS AT LAW

PDF created with pdfFactory trial version www.pdffactory.com

containing information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall be filed, lodged and served in sealed envelopes, to be opened as the Court directs, as allowed by Federal Rules of Civil Procedure, Rule 26(c)(1)(H).

14. To make possible the timely, effective and efficient communication between attorney and client of documents prepared and served by counsel (*e.g.* letters, memoranda of points and authorities, declarations) that contain documents or information designated as "Confidential – Attorneys' Eyes Only", the serving party will serve on opposing counsel two copies: a complete copy and a redacted version of the same document that redacts those portions of the complete document that the serving party in good faith designates as the "Confidential – Attorneys' Eyes Only" information of the preparing party or any third party. There will be no limitation on the use of the redacted version of the document except that if it is designated as containing information that is "Confidential" under this Order it may only be disseminated or disclosed to the categories of persons listed in section 6 herein.

15. A party shall give at least ten days' written notice of the party's intent to offer documents or information designated as "Confidential" or "Confidential – Attorneys Eyes Only" into evidence or otherwise disclose the content of such information at a trial or hearing. The party receiving such notice may apply to the Court for an order requiring such information to be held in camera in the Court's discretion. The parties agree that the Court, in preparing, evaluating or issuing any pretrial order or any other order regarding the admissibility of evidence or testimony, which evidence or testimony contains, references or otherwise relates to information, documents or information designated as confidential in accordance with the terms of this Protective Order, may and should strongly consider the terms of this Protective Order during the preparation, evaluation or issuance of any such order.

16. A party's and a non-party's designation of documents or information as "Confidential" or "Confidential – Attorneys' Eyes Only" shall not be subject to independent judicial review, except as provided herein. Following a good faith effort to meet and confer regarding a contested designation, a party may challenge the designation of a particular document or information as "Confidential" or "Confidential – Attorneys' Eyes Only" by motion to the

PDF created with pdfFactory trial version www.pdffactory.com

1  Court. At the hearing on such motion, the party seeking to designate the document, testimony or
2  information as "Confidential" or "Confidential – Attorneys' Eyes Only" shall have the burden of
3  establishing good cause for the entry of an order maintaining the confidentiality of the document,
4  testimony or information. Until the Court rules upon any such motion, the challenged document,
5  information or testimony shall remain confidential as required by this Protective Order.

6        17.    A party shall not be obligated to challenge the propriety of a confidentiality
7  designation at the time the confidential designation is made, and a failure to challenge or object to
8  the confidential designation at the time the designation is made shall not preclude a subsequent
9  challenge thereto.

10        18.    If documents or information subject to a claim of attorney-client privilege or the
11  attorney work product doctrine is inadvertently or mistakenly produced, such production shall in
12  no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege for
13  such information. If a producing party has inadvertently or mistakenly produced information
14  subject to a claim of privilege, upon written request made by the producing party within twenty-
15  one (21) days of discovery of such inadvertent or mistaken production, the information for which
16  a claim of inadvertent production is made, including all copies, shall be returned within seven (7)
17  business days of such request unless the receiving party intends to challenge the producing
18  party's assertion of privilege or immunity. All copies of inadvertently or mistakenly produced
19  documents or information shall also be returned, as well as any document, material or information
20  reflecting the contents of the inadvertently produced information. If a receiving party objects to
21  the return of such information within the seven (7) business day period described above, the
22  producing party may move the court for an order compelling the return of such information.
23  Pending the ruling, a receiving party may retain the inadvertently or mistakenly produced
24  documents in a sealed envelope and shall not make any use of such information.

25        19.    Nothing in the foregoing provisions of this Protective Order shall be deemed to
26  preclude any party from seeking and obtaining, on an appropriate showing, additional protection
27  with respect to the confidentiality of documents, testimony or other discovery materials, or relief
28  from this Protective Order with respect to particular documents, testimony or other discovery

MURPHY AUSTIN ADAMS SCHOENFELD LLP
ATTORNEYS AT LAW

PDF created with pdfFactory trial version www.pdffactory.com

material designated hereunder as containing "Confidential" or "Confidential – Attorneys' Eyes Only".

20. Within sixty (60) days after the final disposition of this Action, all documents and information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" and all copies of such documents or information shall be returned to the party or non-party who produced such documents or information or destroyed.

21. This Protective Order shall not be construed to require any party to produce any documents or information which is not subject to discovery under the Federal Rules of Civil Procedure nor does it alter, waive or modify any right, privilege or protection otherwise available to any party with respect to discovery, including the right to assert the attorney-client, the attorney work product doctrine, or other privileges, or any party's right to contest any such assertion.

22. Nothing contained in this Protective Order, or any action taken in compliance with it, nor any failure to take action or object to any action taken in compliance with it, shall:

    a. Operate as an admission by any party that any discovery material is, or is not, in fact, confidential;

    b. Operate as an admission by any party that any discovery material is, or is not, a trade secret or confidential information;

    c. Operate as an admission by any party that discovery material is, or is not, admissible in evidence at trial; or

    d. Prevent a party from using or disclosing its own documents.

23. This order shall survive the final termination of this action, to the extent that the information contained in confidential material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

24. After this Stipulated Protective Order has been signed by counsel for all parties and presented to the Court for entry, the parties and their respective counsel agree to be bound by the terms set forth herein with regard to any documents that have been or will be produced before the Court signs this Stipulation and Order.

PDF created with pdfFactory trial version www.pdffactory.com

25. Any party to the Action may request that the Court modify or otherwise grant relief from any provision of this Protective Order.

IT IS SO ORDERED.

DATED: June 3, 2009

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE