UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SHOCK TRAUMA AIR RESCUE, | No. 2:09-cv-00090-MCE-JFM |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| STATE COMPENSATION INSURANCE FUND, et al., | |
| Defendants. | |

----oo0oo----

Plaintiff, California Shock Trauma Air Rescue ("Plaintiff" or "CALSTAR"), initiated this action against numerous Defendants seeking to recover compensation for services rendered.  Presently before the Court are three Motions to Dismiss (Docket Nos. 107, 112, and 182) and a Motion to Consolidate (Docket No. 111). Plaintiff also filed a Motion for Summary Judgment (Docket No. 184), which is set for hearing on August 27, 2009.

///

///

///

1

1 Additionally, California Association of Air Medical Services, <u>et
2 al</u>. ("*Amici*"), subsequently filed a Motion for Leave to File
3 Brief of *Amicus Curiae* (Docket No. 245) opposing dismissal of
4 this case.
5      For the following reasons, the Motion to Proceed as *Amicus
6 Curiae* is granted, the Motions to Dismiss for lack of subject
7 matter jurisdiction are granted, and all remaining Motions are
8 denied as moot.[1]

## BACKGROUND[2]

12      Plaintiff is an air ambulance provider rendering services
13 within and between California and Nevada.  Plaintiff is certified
14 by the Federal Aviation Administration to operate as an air
15 carrier and to conduct common carriage operations. Defendants
16 are: 1) insurance companies providing workers' compensation
17 insurance within the State of California; and 2) employers who
18 are self-insured for workers' compensation insurance having
19 obtained a certificate of consent to self-insure against such
20 claims.
21      Plaintiff has and continues to provide, on request, air
22 ambulance services to employees of the Employer Defendants and to
23 employees of the employers insured by the Insurer Defendants.
24 ///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Cal. Local Rule 78-230(h).

[2] The following facts are taken, for the most part verbatim, from Plaintiff's First Amended Complaint ("FAC").

2

1 After providing relevant services, Plaintiff sends an invoice to
2 the appropriate Insurer Defendant or Employer Defendant.
3      In this case, Plaintiff alleges that the Defendants have
4 paid only a portion of those invoiced amounts.  According to
5 Plaintiff, Defendants have refused to pay the outstanding
6 balances, claiming that Plaintiff is limited to recovering only
7 those amounts set forth in California's Official Medical Fee
8 Schedule for ambulance services ("OMFS"), California Code of
9 Regulations, title 8, section 9789.80.
10      Thus, Plaintiff filed the instant action seeking to recover
11 those outstanding balances.  According to Plaintiff, Defendants
12 cannot rely on the OMFS fee limitations because that state law is
13 preempted by the Federal Aviation Act of 1958, as amended by the
14 Airline Deregulation Act, 49 U.S.C. § 41713(b)(1) ("FAA/ADA").
15 As such, Plaintiff has brought causes of action for:
16 1) Declaratory Relief as to whether that state law is preempted;
17 2) Quantum Meruit; 3) Unjust Enrichment; and 4) Open Book
18 Account.
19      Plaintiff asserts jurisdiction is proper under 28 U.S.C.
20 § 1331 because this action allegedly arises under the FAA/ADA.
21 Defendants disagree and have moved to dismiss for lack of subject
22 matter jurisdiction.  Also pending before this Court are the
23 above-mentioned Motions to Consolidate, Plaintiff's Motion for
24 Summary Judgment, and a Motion for Leave to File Brief by
25 putative *Amici*, each of which is also disposed of pursuant to
26 this Memorandum and Order.
27 ///
28 ///

**STANDARD**

In moving to dismiss for lack of subject matter jurisdiction pursuant to Rule 12 (b)(1), the challenging party may either make a "facial attack" on the allegations of jurisdiction contained in the complaint or can instead take issue with subject matter jurisdiction on a factual basis ("factual attack").  Thornhill Publishing Co. v. General Tel. & Elect. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  If the motion constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true.  Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981); Mortensen, 549 F.2d at 891.  If the motion constitutes a factual attack, however, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  Thornhill, 594 F.2d at 733 (quoting Mortensen, 549 F.2d at 891).

**ANALYSIS**

As a threshold matter, this Court grants the *Amici* Motion for Leave to File Brief of *Amicus Curiae* (Docket No. 245). Nevertheless, having reviewed all briefing submitted both in support and in opposition of Defendants' instant Motions, the Court now grants Defendants' Motions to Dismiss for lack of subject matter jurisdiction as well.  Accordingly, all remaining Motions are denied as moot.

1. **Plaintiff's Federal Declaratory Relief Claim**

Plaintiff contends that, pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over its first cause of action for declaratory relief, and consequently, has supplemental jurisdiction over the state law claims. This Court disagrees, finds jurisdiction over Plaintiff's Declaratory Relief Claim lacking, and, in turn, finds 28 U.S.C. § 1367 inapplicable.

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Even though state law creates [Plaintiff's] causes of action, its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983). Plaintiff asserts that such is the case here.

However, while the facts of this case make for awkward jurisdictional analysis, this Court disagrees. In a typical case of this nature, in which one party is asserting preemption as a basis of federal jurisdiction, a plaintiff claims that a defendant violated state law and the defendant responds by raising a preemption defense. In those cases, the plaintiff typically requests a declaration more specific to the facts relevant to its underlying claims. For example:

///
///

1
2
3
4
5
6
7
    Plaintiff's Complaint asserted that "[t]here was at the time of the levies alleged above and continues to be an actual controversy between the parties concerning their respective legal rights and duties.  The Board [appellant] contends that defendants [CVLT] are obligated and required by law to pay over to the Board all amounts held ... in favor of the Board's delinquent taxpayers.  On the other hand, defendants contend that section 514 of ERISA preempts state law and that the trustees lack the power to honor the levies made upon them by the State of California."  Franchise Tax Board, 463 U.S. at 6, quoting App. 8-9.

8
9
10
    Plaintiffs "invoked the Federal Declaratory Judgment Act for a declaration that the contracts were still 'in effect and binding upon the parties thereto.'"  Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950).

11 It is well-established that the federal courts lack jurisdiction
12 over such claims.
13     Indeed, "a federal court does not have original jurisdiction
14 over a case in which the complaint presents a state-law cause of
15 action, but also asserts that federal law deprives the defendant
16 of a defense he may raise, or that a federal defense the
17 defendant may raise is not sufficient to defeat the claim."
18 Franchise Tax Bd., 463 U.S. at 10 (1983), citing Taylor v.
19 Anderson, 234 U.S. 74, 75-76 (1914); Louisville & Nashville R.
20 Co. v. Mottley, 211 U.S. 149 (1980); Tennessee v. Union &
21 Planters' Bank, 152 U.S. 454 (1894).  "'[A] right or immunity
22 created by the Constitution or laws of the United States must be
23 an element, and an essential one, of the plaintiff's cause of
24 action.'"  Id., quoting Gully v. First Nat'l Bank, 299 U.S. 109,
25 112 (1936).  Moreover, "'if, but for the availability of the
26 declaratory judgment procedure, the federal claim would arise
27 only as a defense to a state created action, jurisdiction is
28 lacking.'"

6

1 <u>Id</u>. at 16, quoting 10A C. Wright, A. Miller & M. Kane, Federal
2 Practice and Procedure § 2767, at 744-745 (2d ed. 1983).
3      Thus, had Plaintiff gone the traditional route, seeking, for
4 example, a declaration that Defendants are required by law to pay
5 in full the amounts invoiced, then the instant jurisdictional
6 question would not appear to be so complicated.  Rather, had
7 Plaintiff requested a declaration more specific to the instant
8 facts, Defendants would be expected to defend on the grounds that
9 the payments already made comport with the California OMFS, at
10 which time <u>Plaintiff</u> anticipates it would argue that the OMFS is
11 preempted.
12      At best, such a claim would seek resolution of a federal
13 question anticipated to be raised as a rebuttal to an expected
14 defense.  Since it is well-established that the anticipation of a
15 defense is insufficient to establish federal question
16 jurisdiction, "even if the defense is anticipated in the
17 plaintiff's complaint, and even if both parties admit that the
18 defense is the only question truly at issue," <u>Franchise Tax Bd.</u>,
19 463 U.S. 14, Plaintiff's jurisdictional argument, which is even
20 more attenuated, must likewise fail.  <u>Id</u>. at 10 (the assertion
21 that "federal law deprives the defendant of a defense he may
22 raise" is insufficient to invoke federal jurisdiction).
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

7

1    Therefore, in light of the above analysis, and in an attempt
2 to couch its preemption claim in an offensive posture, Plaintiff
3 seeks instead a declaration that "California Labor Code Section
4 5307.1 and the Official Medical Fee Schedule for ambulance
5 services, California Code of Regulations, title 8, section
6 9789.70, are preempted by the provisions of the Federal Aviation
7 Act of 1958, as amended by the Airline Deregulation Act, 49
8 U.S.C. section 41713(b)(1)." FAC, 14:16-20.  Accordingly, by way
9 of analogy, Plaintiff contends this Court has jurisdiction under
10 the slightly different rules of Shaw v. Delta Air Lines, Inc.,
11 463 U.S. 85 (1983), and its progeny.

12    In Shaw, the plaintiffs initiated three actions against
13 state agencies and officials, seeking declarations that various
14 state laws were preempted by ERISA.  Id. at 92.  The Supreme
15 Court determined its jurisdiction over those claims was proper,
16 stating, in part, "It is beyond dispute that federal courts have
17 jurisdiction over suits to enjoin state officials from
18 interfering with federal rights.  A plaintiff who seeks
19 injunctive relief from state regulation, on the ground that such
20 regulation is pre-empted by a federal statute which, by virtue of
21 the Supremacy Clause of the Constitution, must prevail, thus
22 presents a federal question which the federal courts have
23 jurisdiction under 28 U.S.C. § 1331 to resolve.  This Court, of
24 course, frequently has resolved pre-emption disputes in a similar
25 jurisdictional posture."  Id. at 96 n.14.
26 ///
27 ///
28 ///

8

In that same note, the <u>Shaw</u> Court distinguished its <u>Franchise Tax Board</u> decision, which was rendered that same day, by pointing out that the <u>Shaw</u> plaintiffs sought a declaration that state law <u>was</u> preempted, while the Franchise Tax Board plaintiffs sought a declaration that state law <u>was not</u> preempted. <u>Id</u>.  Relying on the <u>Shaw</u> footnote, Plaintiff makes the analytical leap to the conclusion that, since Plaintiff in this case seeks a declaration that state law <u>is</u> preempted, this Court has jurisdiction.  The flaws in this argument are two-fold and inter-related.  First, Plaintiff's requested relief is improper when directed at the instant Defendants.  Second, because Plaintiff has asserted the instant declaratory relief claim against improper Defendants, its instant claim does not present a justiciable case or controversy.

Plaintiff is quite correct that the <u>Shaw</u> Court exercised jurisdiction over an action seeking a declaration that state law was preempted.  However, jurisdiction in <u>Shaw</u> and its progeny was premised on the Court's power to enjoin state officials from interfering with federal rights.  When a suit is initiated against a state official to challenge a state law as preempted by federal law, jurisdiction is proper under <u>Shaw</u> because the preemption question is one that directly concerns the state's power to legislate in a manner inconsistent with some federal mandate.  Indeed, "the Supremacy Clause itself provides subject matter jurisdiction for the federal court."

///

///

///

9

Harding v. Summit Med. Ctr., 41 Fed. Appx. 83, 85 (9th Cir. 2002) (unpublished disposition), citing Hydrostorage, Inc., v. N. Cal. Boilermakers Local Joint Apprenticeship Comm., 891 F.2d 719, 724-25 (9th Cir. 1989), abrogated on other grounds in Engine Mfrs. Ass'n v. South Coast Air Quality Mgmt. Dist., 498 F.3d 1031 (9th Cir. 2007).

However, in this case, Plaintiffs have sued only insurers and self-insured employers. Thus, rather than properly challenging the State's power to enforce the OMFS, Plaintiffs ask this Court, in an action again third-parties, to declare that state law is preempted by federal law. Nevertheless, since none of the present Defendants have "the ability to enact or enforce state laws," neither can they interfere with Plaintiff's rights under the Supremacy Clause.[3] Id. The instant Defendants are simply the wrong parties against whom to assert such a claim.

Viewed from another perspective, Plaintiff's declaratory relief claim simply does not present the justiciable case or controversy that is a prerequisite to an assertion of this Court's jurisdiction. To the contrary, if the Court were to grant Plaintiff its requested declaratory relief, it would be required to issue an impermissible advisory opinion.

///
///
///

---

[3] Though some of the Defendants are local entities or agencies, they were not sued in their enforcement or legislative capacities, but, instead, as self-insured employers. Thus, the question of whether, under a different set of facts, a suit against those entities would be proper is not currently before the Court.

While "[i]t is clear that a conflict between a state statute and federal regulations presents a justiciable controversy," National Labor Relations Bd. v. North Dakota, 504 F. Supp. 2d 750, 754 (D. N.D. 2007), citing Conference of Fed. Sav. and Loan Ass'ns v. Stein, 604 F.2d 1256, 1259 (9th Cir. 1979), under the above analysis, that controversy is capable of federal adjudication, in other words is ripe, only when the State is a party to the action. See Harding, 41 Fed. Appx. 83 at 85.  Such is not the case here.

Instead, the instant preemption question takes root in the parties' current dispute only through analysis of Plaintiff's state law claims and then, as discussed above, only by way of a rebuttal to a defense.  Accordingly, any controversy that may exist under Plaintiff's first cause of action, which serves only to assert a response to an anticipated defense, is even more attenuated than it might be directly under an analysis of the state law claims.

Accordingly, when distilled to its essence, resolution of Plaintiff's declaratory relief claim, at least between the current parties, would require the Court to issue nothing more than an advisory opinion as to preemption of the OMFS.  It is well-established that this Court lacks the power to do so.  See MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126-127 (2007) (reiterating the requirement that "the dispute be 'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'"),

11

quoting Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240-241 (1937). As such, this Court lacks subject matter jurisdiction over Plaintiff's first cause of action.

The Court is not persuaded otherwise by Plaintiff's observation that this preemption issue, under these facts, would never arise directly as a defense because the State of California will likely never institute proceedings to enforce the OMFS against Plaintiff, and Defendants will likely never be motivated to pursue coercive claims against Plaintiff, either of which scenarios could change the jurisdictional analysis. Even assuming, *arguendo*, that Plaintiff is correct, the boundaries of this Court's jurisdiction remain unchanged. While Plaintiff appears to presume that if its argument cannot be raised as a defense, it must be part and parcel of its affirmative claim for relief, for jurisdictional purposes, the very unlikelihood that Plaintiff's argument could even be raised as a defense, let alone an affirmative claim, renders the possibility of jurisdiction in this Court even more remote. Accordingly, this Court is not empowered to entertain Plaintiff's first claim for relief.

**2.   Plaintiff's State Law Claims**

Finally, Plaintiff contends that its state law claims, themselves, arise under federal law. However, as previously stated, in the context of Plaintiff's state law claims, the preemption argument will arise, if at all, only as a rebuttal to an anticipated defense.

///

Accordingly, this Court also lacks jurisdiction independently over Plaintiff's state law claims.  See <u>Franchise Tax Bd.</u>, 463 U.S. at 13-14.

**CONCLUSION**

In sum, the *Amici* Motion for Leave to File Brief (Docket No. 245) is GRANTED.  Nevertheless, this Court lacks subject matter jurisdiction over Plaintiff's First Amended Complaint.  Therefore, Defendants' Motions to Dismiss (Dockets No. 107, 112, and 182) are GRANTED, and Defendants' Motion to Consolidate (Docket No. 111) and Plaintiff's Motion for Summary Judgment (Docket No. 184) are DENIED as moot.  All future hearing dates are ordered vacated and the Clerk of the Court is directed to close the file.

IT IS SO ORDERED.

Dated: July 23, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE